UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

CSABA JOHN CSUKAS,

      Defendant.

Case No.  24-cr-00152-WHO-1

**FINAL JURY INSTRUCTIONS**

# NO. 1

## Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

**NO. 2**

**Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof**

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

**NO. 3**

**Defendant's Decision to Testify**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

**NO. 4**

**Reasonable Doubt—Defined**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

United States District Court
Northern District of California

**NO. 5**

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

**NO. 6**

**What is Not Evidence**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**NO. 7**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**NO. 8**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how

much weight you think their testimony deserves.

United States District Court
Northern District of California

United States District Court
Northern District of California

## NO. 9

### Implicit Bias

We all have feelings, assumptions, perceptions, fears, and stereotypes about others. Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases. No matter how unbiased we think we are, our brains are hardwired to make unconscious decisions. We look at others and filter what they say through our own personal experience and background. Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own. We can also have biases about people like ourselves. One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in this case. You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias. Reconsider your first impressions of the people and the evidence in this case. If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another. You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness. Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases. Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases. The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

**NO. 10**

**Activities Not Charged**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

**NO. 11**

**18 U.S.C. § 249 – HATE CRIME PREVENTION ACT**

The Indictment charges the Defendant with a violation of the Hate Crimes Prevention Act, Title 18, United States Code, Section 249(a)(2). For you to find the Defendant guilty, you must find that the government has proven each of the following elements beyond a reasonable doubt:

First, that the defendant willfully caused bodily injury to S.B.;

Second, that the defendant did so because of the actual or perceived religion or national origin of S.B.; and

Third, that the defendant caused S.B. bodily injury during the course of S.B.'s travel using a channel or instrumentality of interstate commerce, specifically, an internet-based rideshare service.

If you are convinced beyond a reasonable doubt that the government has proven all three elements, then you may say so by returning a guilty verdict. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty.

**NO. 12**

**ELEMENT ONE: "WILLFULLY CAUSE BODILY INJURY"**

The first element the government must prove beyond a reasonable doubt is that the defendant willfully caused bodily injury to S.B.

A defendant acts willfully when he acts voluntarily and intentionally, with the intent to do something the law forbids—that is, with the bad purpose to disobey or disregard the law. The United States is not required to prove that the defendant was aware of the specific law that his conduct might violate, but it must prove that the defendant knew his conduct was unlawful.

A defendant's intent is his state of mind. Intent can be proven by direct or circumstantial evidence.

"Bodily injury" means any injury to the body, including physical pain, or a physical injury such as a cut, abrasion, or bruise, or any other injury to the body, no matter how temporary. The definition of bodily injury does not include solely emotional or psychological harm.

**NO. 13**

**ELEMENT TWO: "BECAUSE OF THE ACTUAL OR PERCIEVED RELIGION OR NATIONAL ORIGIN"**

The second element the government must prove beyond a reasonable doubt is that the defendant acted because of S.B.'s actual or perceived religion or national origin.  The United States need not prove that S.B. actually is Jewish or Israeli; but it must prove that the defendant believed or perceived him to be so, and that this belief or perception caused the defendant to attack S.B.

The United States must prove that the defendant's belief or perception of S.B.'s religion or national origin was a but-for cause of the assault.  In other words, to prove that the defendant caused bodily injury to S.B. because of S.B.'s actual or perceived religion or national origin, the United States must prove that the defendant would not have assaulted S.B. but for the fact of S.B.'s actual or perceived religion or national origin.

There may be more than one reason why the defendant caused bodily injury to S.B.  S.B.'s religion or national origin does not need to be the sole cause of the assault, but to establish this element the government must prove that the assault would not have occurred but for S.B.'s actual or perceived religion or national origin.

1

**NO. 14**

**ELEMENT THREE: "INTERSTATE COMMERCE"**

The third element that the government must prove beyond a reasonable doubt is that the conduct occurred during the course of S.B.'s travel using a channel or instrumentality of interstate commerce, specifically, an internet-based rideshare service. To return a guilty verdict, all twelve of you must agree that the defendant's conduct occurred during the course of S.B.'s travel using a channel or instrumentality of interstate commerce, specifically an internet-based rideshare service.

**NO. 15**

**Additional Instruction**

The defendant has asserted that he was motivated to assault S.B. for reasons other than S.B.'s actual or perceived religion or national origin. It is up to you to determine whether the defendant was in fact motivated by other factors. If you determine that the defendant did have other motivating factors for his assault of S.B., then you must determine whether S.B.'s actual or perceived religion or national origin was a "but-for" cause of the defendant's assault. The government is not required to prove that S.B.'s actual or perceived religion or national origin was the sole or primary reason that the defendant caused bodily injury to S.B; rather, the government must prove that the defendant would not have assaulted S.B. but for S.B.'s actual or perceived religion or national origin. If you find that the defendant would have assaulted S.B. regardless of S.B.'s actual or perceived religion or national origin, then S.B.'s actual or perceived religion or national origin was not a "but-for" cause for the assault.

**NO. 16**

**Duty to Deliberate**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**NO. 17**

**Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1

**NO. 18**

2

**Use of Notes**

3        Some of you have taken notes during the trial.  Whether or not you took notes, you should

4   rely on your own memory of what was said.  Notes are only to assist your memory.  You should

5   not be overly influenced by your notes or those of your fellow jurors.

United States District Court
Northern District of California

**NO. 19**

**Jury Consideration of Punishment**

The punishment provided by law for this alleged crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**NO. 20**

**Verdict Form**

A verdict form has been prepared for you.  If you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

**NO. 21**

**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.